[Civ. No. 20528. First Dist., Div. Three. Nov. 29, 1962.]

HIGH FIDELITY ENTERPRISES, INC., Plaintiff and Appellant, v. DAVID I. HULL et al., Defendants and Respondents.

Foley & Foley and James W. Foley for Plaintiff and Appellant.

John D. Jorgenson for Defendants and Respondents.

DEVINE, J.—The corporation which is plaintiff and appellant agreed to buy a parcel of property shortly before defendant-respondent actually bought it and received a deed to it, the former owner having made this situation possible by a complicated series of transactions. Plaintiff seeks specific performance. This owner, Gordon Pusser, had been employed by High Fidelity Enterprises, but was discharged in October 1959, and because there was litigation between him and his former employer and he feared attachment of the property, he conveyed the bare legal title, without consideration, to David G. Hoffman. The property is a lot on which there is a barn, adjacent to plaintiff's store, and plaintiff was desirous of obtaining the barn. Hoffman had been negotiating with plaintiff even before he received the deed, and he continued to bargain. On March 30, 1960, plaintiff and Hoffman made an oral agreement of purchase and sale, which was confirmed by letter on April 7, 1960. The letter was not recorded.

On April 2, 1960, Hoffman quitclaimed to the attorney for Pusser, who quitclaimed to Pusser. Pusser put the property on sale through a broker who called it to the attention of respondent, Dr. Hull. After several inspections of the property, as described below, an agreement of Pusser to sell to Hull was signed. Record title had been in an owner prior to Pusser, Mrs. Heydenaber, who executed a deed to Hull which was recorded on June 8, 1960, and on the same day Pusser deeded to Hull. (Dr. Hull's wife is also a defendant, but for convenience reference is made to him only as respondent in this opinion.)

A brief recitation of facts relating to possession of the property by High Fidelity must be given, because the question of notice by reason of possession is the essence of the case. The statement is put most favorably to respondent.

High Fidelity had used the barn as a warehouse for some time prior to the Hull purchase. The barn was in the rear of High Fidelity's store, but on a separate lot. It was in miserable condition in structure and in maintenance. There was no water or sewer connection in it, and no electric lighting system. The building had been condemned.

As to the contents, Pusser, who was experienced in phonographic equipment, testified that the few items in the barn which belonged to plaintiff were of no value except to a junkman, and that he had been told by the manager of plaintiff that the company abandoned all of the contents to him, Pusser. This manager was not called as a witness by plaintiff, nor was

his absence explained. It is undisputed that Pusser had old furniture in the barn.

Dr. Hull testified that he went into the barn several times before his purchase, and that, although he had made a hobby of high fidelity equipment, he saw nothing of salable value or in working condition. He asked the agent who owned the property that was in the barn, and the agent told him that Pusser had said it was his. Pusser, too, told Dr. Hull that he had "considerable odds and ends of property" which he would move out of the building. Photographs show but a few items, such as old television sets.

Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first recorded. (Civ. Code, § 1214.) A contract of sale is such a conveyance (*McLane* v. *Van Eaton*, 60 Cal.App.2d 612 [141 P.2d 783]), but plaintiff's contract was not recorded. The conveyances to respondent were recorded, and he is a purchaser for value. The only question is whether he is not a purchaser "in good faith" in the sense of a purchaser without notice. Appellant contends that it had such possession that notice to defendant as a prospective purchaser is established as a matter of law.

We cannot agree. We recognize the rule that possession may constitute notice, and we have had occasion to apply the rule very recently, in *Saxon* v. *DuBois,* 209 Cal.App.2d 713 [26 Cal.Rptr. 196], but we there sustained the trial judge's finding that there was notice.

Notice is almost always a question of fact to be determined by the trial court. (*Three Sixty Five Club* v. *Shostak,* 104 Cal.App.2d 735, 738 [232 P.2d 546].)

The possession required to impart notice to a subsequent purchaser must be open, notorious, exclusive and visible, and not consistent with the record title. (*Randall* v. *Allen,* 180 Cal. 298, 303 [180 P. 941].)

The burden of proof as to acts of dominion sufficient to establish notice by possession rests with the party claiming such possession. (*Dreyfus* v. *Hirt,* 82 Cal. 621 [23 P. 193] ; *Wineberg* v. *Moore,* 194 F.Supp. 12, 17.)

With these rules in mind, we cannot say, as a matter of law, that notice of possession was given to the purchaser by

the disorderly accumulation of material in the dilapidated building.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied December 17, 1962, and appellant's petition for a hearing by the Supreme Court was denied January 23, 1963.