**1352**

In re William R. PROBASCO; Joan Probasco; Eddie McKinney; Thelma Jo McKinney; Bill J. Eads; Patsy M. Eads, Debtors.

William R. PROBASCO; Joan Probasco; Mid Valley Time Loan; Robert C. Arnold, as Disbursing Agent under the Plan of Reorganization, Appellants,

v.

Bill J. EADS; Patsy M. Eads, Appellees.

No. 87–1617.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 12, 1987.

Decided Feb. 22, 1988.

Michael A. Milnes, Fresno, Cal., for appellants.

Frank H. Lang, Jr., and David Jenkins, Fullerton, Lang, Richert & Patch, Fresno, Cal., for appellees.

Before SNEED, POOLE and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Appellant William R. Probasco (Probasco) appeals from the Bankruptcy Appellate Panel's order, 69 B.R. 730, affirming the bankruptcy court's judgment that Bill J. Eads (Eads), as debtor in possession, could assert 11 U.S.C. § 544(a)(3) (Supp. IV 1986)

to avoid Probasco's unrecorded one-half interest in Parcel 1 of the Quail Meadows development. The controlling issue on appeal is whether a debtor in possession holding record title to property had constructive notice of an interest in that property, which, because of a secretarial mistake, did not appear on record.

Probasco asserts that: (1) there was sufficient possession and use of Parcel 1 under California law to provide Eads, in his capacity as debtor in possession and bona fide purchaser under section 544(a)(3), with constructive notice of Probasco's interest in the property, (2) the bankruptcy court erred in failing to grant equitable relief to Probasco so as to defeat the claims of Eads to the entirety of Parcel 1, (3) as a debtor in possession exercising his avoidance powers under section 544(a), Eads received a preference which Probasco, as debtor in possession of Probasco's estate, had the power to avoid pursuant to 11 U.S.C. §§ 547(b) (1982 & Supp. IV 1986) and 548(a)(2) (Supp. IV 1986), and (4) the bankruptcy court did not have the authority to sell Probasco's interest in a sewer easement adjacent to Quail Meadows.

We hold that Probasco's use and possession of Quail Meadows was sufficient under California law to constitute constructive notice to Eads as a hypothetical bona fide purchaser. Probasco's assertion that the bankruptcy court did not have the authority to sell Probasco's interest in the sewer easement is without merit. We do not reach the other issues. We therefore affirm in part and reverse in part the judgment of the Bankruptcy Appellate Panel and the bankruptcy court.

## BACKGROUND

The facts are undisputed. In 1978, Eads purchased Quail Meadows, consisting of 76.61 acres of undeveloped land. Approximately seventy-five percent of the acreage is in Parcel 1 and the remaining twenty-five percent is in Parcels 2 and 3.

In 1981, Eads agreed to make Probasco a one-half owner of Quail Meadows in exchange for Probasco's agreement to execute jointly with the Eads, a $600,000 note secured by a trust deed encumbering Quail Meadows. In addition, Probasco agreed to make payments on the note. A deed was to have been recorded conveying a fifty percent undivided interest in Quail Meadows from the Eads to Probasco concurrently with the recordation of the trust deed securing the $600,000 note.

The documents were executed and recorded in August 1981. The escrow company that prepared the deed and the deed of trust failed to attach a legal description of Parcel 1 to either the deed or the deed of trust. Both documents contained descriptions of Parcels 2 and 3. The escrow company has since gone out of business.

After August 1981, Eads and Probasco proceeded with their plans to subdivide the Quail Meadows property. Engineers, surveyors, and attorneys were employed to secure a tentative subdivision map which was approved by the Madera County Board of Supervisors. In connection with securing the subdivision plans, Probasco paid $25,000 for a sewer easement through neighboring property.

In July 1982, Eads filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–74 (1982 & Supp. IV 1986). In August 1982, Probasco also filed a voluntary petition for reorganization under Chapter 11. The omission of a description of Parcel 1 from the deed and the deed of trust was not discovered until after the filing of both petitions.

The underlying adversary proceedings were commenced by Eads in his capacity as debtor in possession. The parties seek a determination of the nature, extent, and validity of all liens and other interests in the Quail Meadows property.

## STANDARD OF REVIEW

Because this court is in as good a position as the Bankruptcy Appellate Panel to review the decision of the bankruptcy court, we independently review that decision. We review the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de

novo. *Ragsdale v. Haller,* 780 F.2d 794, 795 (9th Cir.1986); *Comer v. Comer (In re Comer),* 723 F.2d 737, 739 (9th Cir.1984). Our standard of review for each of the particular issues raised on this appeal shall be discussed in the applicable sections of this opinion.

## ANALYSIS

### I. *The Strong Arm Clause*

Title 11 U.S.C. § 544(a) (Supp. IV 1986), "the strong arm clause," gives a bankruptcy trustee power to avoid certain transfers or liens against property in the bankruptcy estate.

> Section 544(a)(3) allows the trustee to avoid all obligations and transfers that would be avoidable by "a bona fide purchaser of real property ... that obtains the status of a bona fide purchaser ... at the time of the commencement of the [bankruptcy] case, whether or not such a purchaser exists." Section 544(a) grants the bankruptcy trustee this power "without regard to any knowledge of the trustee or of any creditor." The powers of a bona fide purchaser for purposes of section 544(a) are defined by state law. *Maine Nat'l Bank v. Morse (In re Morse),* 30 B.R. 52, 54 (Bankr. 1st Cir. 1983); *Saghi v. Walsh (In re Gurs),* 27 B.R. 163, 164 (Bankr. 9th Cir.1983); *C.R. Loup v. Great Plains W. Ranch Co.,* 38 B.R. 899, 905 (Bankr.C.D.Cal.1984); *see* 4 *Collier on Bankruptcy* ¶ 544.02 (L. King 15th ed. 1986).

*Placer Savings & Loan Ass'n v. Walsh (In re Marino),* 813 F.2d 1562, 1565 (9th Cir. 1987). A debtor in possession has the same rights, powers, functions, and duties, except the right to compensation, as a bankruptcy trustee. 11 U.S.C. § 1107 (1982 & Supp. IV 1986).

### II. *Constructive Notice*

Probasco argues that under California law Eads could not take title to Quail Meadows as a bona fide purchaser because he had constructive notice of Probasco's ownership in the property. The law of California requires every conveyance of real property to be recorded in order to be valid against a subsequent purchaser or mortgagee of the same property, who in good faith and for valuable consideration records first.[1] Thus, under California law a bona fide purchaser who records prevails over a prior transferee who failed to record.

Actual or constructive notice of a prior unrecorded transfer removes a subsequent purchaser from the protection of the recording acts. Clear and open possession of real property constitutes constructive notice of the rights of the party in possession to subsequent purchasers. Such a prospective purchaser must inquire into the possessor's claimed interests, whether equitable or legal. *Wolf v. Heinig (In re Heinig),* 64 B.R. 456, 458–59 (Bankr.S.D. Cal.1986). *See also Natural Resources, Inc. v. Wineberg,* 349 F.2d 685, 689–90 (9th Cir.1965), *cert. denied,* 382 U.S. 1010, 86 S.Ct. 617, 15 L.Ed.2d 525 (1966); *High Fidelity Enter., Inc. v. Hull,* 210 Cal.App.2d 279, 281, 26 Cal.Rptr. 654, 655 (1962); *Manig v. Bachman,* 127 Cal.App.2d 216, 221, 273 P.2d 596, 599–600 (1954). Therefore, a bona fide purchaser who records does not take priority over one in clear and open possession of real property.

Eads, by virtue of section 544(a)(3), has the rights of a hypothetical bona fide purchaser. The language of the section renders the trustee's or any creditor's knowledge irrelevant.[2] It does not, how-

---

1. Cal.Civ.Code § 1214 (West 1982) provides:

   Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have

been recorded prior to the record of notice of action.

2. The Fourth Circuit severely limited the use of section 544(a). In *Pyne v. Hartman Paving, Inc. (In re Hartman Paving, Inc.),* 745 F.2d 307 (4th Cir.1984), a divided court held that any actual knowledge of a debtor at the time of commencement of the case regarding an unrecorded interest in real property is imputed to a debtor in possession so as to limit his rights as a bona fide

ever, make irrelevant notice constructively given by open possession any more than it would make irrelevant the constructive notice given by recorded instruments that might evidence a competing claim of title to the real property in question. *Saghi v. Walsh (In re Gurs)*, 27 B.R. 163, 165 (Bankr. 9th Cir.1983); *McCannon v. Marston*, 679 F.2d 13, 16 (3d Cir.1982); *In re Heinig*, 64 B.R. at 458; *see also Benjamin Franklin Savings & Loan Ass'n v. New Concept Realty & Dev., Inc. (In re New Concept Realty & Dev., Inc.)*, 753 F.2d 804, 806 (9th Cir.1985).

█ Probasco argues that in July 1982, when Eads filed his bankruptcy petition, the undisputed evidence of the physical condition of the Quail Meadows property as well as the subdivision activity on the property was more than sufficient to give constructive notice of Probasco's interest in Parcel 1. The evidence consisted of (1) surveyor's stakes criss-crossing all three parcels, (2) a fence around the perimeter with no intervening fences dividing parcels, (3) roadways across the three parcels which were not fenced at parcel lines, (4) proximity of the parcels to freeways, shopping centers and other subdivisions indicating that the parcels were part of a subdivision, and (5) a tentative subdivision map filed with the Clerk of Madera County.

Constructive notice is defined by California Civil Code § 19 (West 1982) as follows:

Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact.

Whether the circumstances are sufficient to put one on inquiry of another's interest in property is a question of fact. *High Fidelity*, 210 Cal.App.2d at 281, 26 Cal. Rptr. at 655. Our review is therefore under the clearly erroneous standard. We must accept the bankruptcy court's finding that there was no constructive notice unless we are "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Dollar Rent a Car, Inc. v. Traveler's Indem. Co.*, 774 F.2d 1371, 1374 (9th Cir.1985). We note, however, that there is no dispute over the historical facts in this case. Nor are there any findings based on credibility of witnesses. The decision of the bankruptcy court that there was no constructive notice is based on inferences from the undisputed facts. Although, unlike credibility determinations, an appellate court is equally capable of making those inferences, the dictates of judicial economy require application of the clearly erroneous standard. *See Anderson v. Bessemer City*, 470 U.S. 564, 574–75, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

At issue is whether a prudent purchaser would have actual notice of circumstances giving rise to inquiry about the unity of ownership of all three parcels. The fact that Eads had an interest in all three parcels does not dispose of that issue. The question is whether a prudent person, observing the indicia of unity of ownership of all three parcels, and knowing that Probasco had a one-half interest in Parcels 2 and 3, would be placed on inquiry about his interest in the remainder of Quail Mead-

purchaser. If we were to apply the Fourth Circuit's rule in this case, Eads' rights under section 544(a) would be defeated by his actual knowledge of Probasco's interest in Parcel 1.

In a persuasive dissent in *Hartman Paving*, Chief Judge Winters argued that "a debtor-in-possession ... assumes the same idealized status as the bankruptcy trustee without regard to any knowledge he or any creditor on whose behalf he acts may have." 745 F.2d at 311 (Winters, C.J., dissenting). A majority of the courts directly addressing the issue share Judge Winters' view. *See e.g., Sandy Ridge Oil Co. v. Centerre Bank Nat'l Ass'n (In re Sandy Ridge Oil Co.)*, 807 F.2d 1332, 1335 (7th Cir.1986); *McCannon v. Marston*, 679 F.2d 13, 16–17 (3d Cir. 1982); *In re Bygaph, Inc.*, 56 B.R. 596, 603 (Bankr.S.D.N.Y.1986); *Ernest & Assoc., Inc. v. Great Southwest Supply Co. (In re Ernest & Assoc., Inc.)*, 59 B.R. 495, 497–98 (Bankr.W.D. Tex.1985); *Matos v. Gwinnett Bank & Trust Co. (In re Matos)*, 50 B.R. 742, 744–45 (Bankr.N.D. Ala.1985), *appeal dismissed as moot*, 790 F.2d 864 (11th Cir.1986). For purposes of this opinion, we assume without deciding, that Judge Winters' position is correct and Eads' actual knowledge is irrelevant.

ows. It is almost inconceivable that such a prudent person, knowing that Parcels 2 and 3 were jointly owned, and seeing a perimeter fence around all three parcels, no fence between the parcels, the staking of all three parcels, and roads traversing the entire property, would not inquire whether a one-half owner of Parcels 2 and 3 had an interest in Parcel 1.

The California Code applies the standard of a "prudent" person. "Prudent" is defined as "a: marked by wisdom or judiciousness b: shrewd in the management of practical affairs c: marked by circumspection." *Webster's Ninth New Collegiate Dictionary* (1984). A prudent purchaser inquiring as to the unity of ownership of all three parcels "might have learned" of Probasco's interest in Parcel 1. Cal.Civ.Code § 19.

The bankruptcy court concluded that none of the conditions of the property at the commencement of the case or the fact of the filing of the subdivision map with the Clerk of Madera County were acts inconsistent with the record title to the property so as to raise a duty of inquiry in a prospective purchaser. The Eads in their brief to this court amplified that terse conclusion, stating:

> Appellants' brief noted the presence of a road across Parcel 1 to Parcels 2 and 3, of a fence around Parcels 1, 2 and 3 and of certain survey stakes as items which would have given a bona fide purchaser constructive notice of the Probascos' interest in Parcel 1. Even if these items constituted "possession, use or occupancy" of which a bona fide purchaser would be deemed to have knowledge, such possession, use and occupancy was joint between Probascos and Eads and, thus, not inconsistent with the record title.

The error in their argument and the bankruptcy court's conclusions is that the physical evidence indicated a unity of ownership of all three parcels and the record revealed that two of those parcels were owned jointly by Eads and Probasco. The indications of unity of ownership were such as to put a prudent person on inquiry as to whether Probasco also had an interest in

Parcel 1. Such an interest in Parcel 1 was inconsistent with the record title indicating that the Eads were its sole owners. We are left with the definite and firm conviction that the bankruptcy court made a mistake in finding that there was no constructive notice and voiding Probasco's interest in Parcel 1. Upon remand the court should reform the deed from Eads to Probasco to include Parcel 1 in accordance with the undisputed intention of the parties. *See Higgs v. United States*, 546 F.2d 373, 375–76, 212 Ct.Cl. 146 (1976) (where parties intended that land involved in sales contract include two parcels and draftmanship error excluded one parcel, reformation appropriate to reflect parties' true intent).

### III. *Sale of the Sewer Easement*

■ Probasco asserts that the bankruptcy court lacked authority to sell Probasco's interest in the sewer easement adjacent to Quail Meadows and abused its discretion in ordering the sale. The only consideration for the easement, $25,000, was paid by Probasco. Probasco agreed to pay the sum based upon his status as a partner with Eads in Quail Meadows.

The bankruptcy court found that the sewer easement was an integral part of the development and use of Quail Meadows and that it had no substantial value other than as part of the development. The court also found that partition of Parcels 2 and 3 from Parcel 1, or the sale of Eads' interest in Parcel 2, Parcel 3, and the sewer easement separate from Probasco's interest, would be impractical and would yield a substantially smaller price than sale of the whole. Consequently, any detriment to Probasco was outweighed by the benefits of the sale.

Title 11 U.S.C. § 363(h) (1982 & Supp. IV 1986) specifically authorizes a sale of property, including a co-owner's interest, on findings such as those made by the court:

> (h) ... the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a ten-

ant in common, joint tenant, or tenant by the entirety, only if—

> (1) partition in kind of such property among the estate and such co-owners is impracticable;

> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners;

> . . . .

The trustee's authorization to sell is not dependent on whether the debtor is the sole owner of the property. Because the authorization of section 363(h) is discretionary, we review the bankruptcy court's decision for abuse of discretion.

Probasco's principal argument is that the bankruptcy court could find that Eads had a one-half interest in the sewer easement only if it also found that Eads had no more than a one-half interest in all of Quail Meadows. Although we do not believe that Probasco's ownership of a one-half interest in all of Quail Meadows is necessary to justify the bankruptcy court's order, in view of our holding on constructive notice, there can be no serious question that the bankruptcy court did not abuse its discretion in ordering the sale of Probasco's interest in the sewer easement.

### CONCLUSION

Eads, acting as debtor in possession under the strong arm powers of 11 U.S.C. § 544(a)(3), had constructive notice placing him on inquiry which might have revealed Probasco's interest in Parcel 1. Eads therefore did not take Parcel 1 free of Probasco's interest. The bankruptcy court did not abuse its discretion in ordering the sale of the sewer easement. Because of our decision on these two issues, we need not address other contentions.

\* James H. Webb, Jr. is substituted for his predecessor, John Lehman, as Secretary of the Navy,

AFFIRMED in part, REVERSED in part, and REMANDED.