**Freddy V. GARRIDO JIMENEZ,**
**Debtor.**

**Wilfredo Segarra Miranda, Chapter**
**7 Trustee, Plaintiff–Appellee,**

v.

**Jackeline R. Garrido Pagan, Victor M.**
**Isaac Andino and Their Conjugal**
**Partnership, Defendants–Appellants.**

**BAP No. 06–044.**
**Bankruptcy No. 05–02111–ESL.**
**Adversary No. 06–00072–ESL.**

United States Bankruptcy Appellate Panel
of the First Circuit.

June 19, 2007.

Gerardo L. Santiago Puig, Esq., on brief for Appellant.

Eldia M. Diaz Olmo, Esq., on brief for Appellees.

Before HAINES, FEENEY & BOROFF, United States Bankruptcy Appellate Panel Judges.

PER CURIAM.

Jackeline R. Garrido Pagan ("Garrido") and Victor M. Isaac Andino appeal from the bankruptcy court's August 24, 2006 order granting the Motion for Summary Judgment filed by Wilfredo Segarra Miranda, the Chapter 7 trustee (the "Trustee") of the estate of Freddy V. Garrido Jimenez, (the "Debtor"). The issue presented is whether the Trustee is entitled to avoid the prepetition transfer of real estate to Garrido where the deed was not recorded until after the commencement of the Debtor's bankruptcy case. For the reasons set forth below, the Panel affirms the

decision of the bankruptcy court that the transfer is voidable.

## BACKGROUND

On October 17, 2002, the Debtor executed a deed of donation (the "Deed") conveying certain real property located at Valle Arriba Heights, Carolina, Puerto Rico ("the Property"), to Pagan, his daughter, for no consideration. The Deed was properly executed in the presence of a notary public, but not filed with the Registry of Deeds until June 28, 2005, more then three months after the commencement of the Debtor's case on March 9, 2005.

On March 21, 2006, the Trustee filed a complaint[1] seeking to avoid the transfer and recover the property under 11 U.S.C. §§ 544(a), 544(b), 548(a)(1), alleging that at the time of the transfer the Debtor owed debts to one or more creditors whose claims had not yet been satisfied, that the transfer had been made with the actual intent to hinder, delay or defraud present and future creditors, that the Debtor did not receive reasonably equivalent value for the transfer, and that the property remained registered in the Debtor's name on the petition date. On April 10, 2006, the Trustee filed a Motion Requesting an Order to Secure Effectiveness of Judgment, which the bankruptcy court granted on April 11, 2006. The bankruptcy court's April 11, 2006 order was recorded in the Registry of Deeds on April 17, 2006.

The Defendants filed an answer to the Trustee's complaint on April 25, 2006, in which they admitted the Debtor transferred the Property to Pagan, and that the Deed had not been recorded until June 28, 2005. The Defendants denied all remaining allegations and asserted various affirmative defenses, including the Debtor's

good faith and solvency at the time of the transfer.

The Trustee filed a Motion for Summary Judgment on May 2, 2006, with respect to all counts of his complaint. Specifically, he asserted that no material facts were in dispute as the Defendants admitted in their answer that the Deed had been recorded post-petition and therefore, as a hypothetical bona fide purchaser under 11 U.S.C. § 544(a)(3), he could avoid the transfer. Additionally, as the Deed recited no consideration, the Trustee argued that it was presumed a fraudulent transfer under Puerto Rico law and therefore avoidable under 11 U.S.C. § 544(b)(1). The Trustee also asserted summary judgment was appropriate under 11 U.S.C. §§ 548(a)(1)(A) or (B) because the Property was deemed to have to have been transferred immediately before the petition date for purposes of 11 U.S.C. § 548 due to its lack of pre-petition registration, and therefore the transfer was made while the Debtor was insolvent with intent to hinder, delay or defraud creditors.

Counsel for the Defendants filed a Motion to Withdraw on May 15, 2006. On May 16, 2006, the bankruptcy court issued an Order to Show Cause why summary judgment should not be granted and set a 30 day response deadline. On June 16, 2006, Gerardo L. Santiago Puig filed a "Motion Requesting Leave to Assume Legal Representation," and a "Motion to Show Cause," in which the Defendants requested time to conduct discovery in order to determine the financial condition of the Debtor at the time of the transfer. The Trustee filed a "Reply in Opposition to 'Motion to Show Cause,'" on June 26, 2006, in which he asserted that the motion

---

1. In addition to Garrido, the complaint named her husband, Victor M. Issac Andino and their Conjugal Partnership as co-defendants for any claim they may on the Property under Puerto Rico law.

failed to address why summary judgment should not be granted pursuant to 11 U.S.C. §§ 544(a) and (b) as discovery pertaining to the Debtor's financial condition would only be relevant to the cause of action under 11 U.S.C. § 548. On July 11, 2006, the bankruptcy court granted the Trustee's motion, stating:

> Plaintiff's motion for summary judgment is granted as the material facts entitling plaintiff to the relief requested pursuant to 11 U.S.C. 544(a, b) [sic] are not contested. Insolvency is not an issue under section 544.

Judgment entered on August 24, 2006, and a timely Notice of Appeal was filed on September 4, 2006.

### JURISDICTION

A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998).

■ A bankruptcy court's order granting summary judgment is a final order. *Abboud v. Ground Round, Inc. (In re Ground Round, Inc.)*, 335 B.R. 253, 258 (1st Cir. BAP 2005); *Jones v. Svreck (In re Jones)*, 300 B.R. 133, 137 (1st Cir. BAP 2003); *Weiss v. Blue Cross/Blue Shield of Delaware (In re Head Injury Recovery Ctr. at Newark, L.P.)*, 206 B.R. 622 (1st Cir. BAP 1997).

### STANDARD OF REVIEW

■ On appeal, both the grant of summary judgment and the determination that there are no issues of material fact in dispute are reviewed *de novo. See Guzman–Rosario v. United Parcel Serv., Inc.*, 397 F.3d 6, 9 (1st Cir.2005); *Canzano v. Ragosa (In re Colarusso)*, 382 F.3d 51, 57–58 (1st Cir.2004).

### DISCUSSION

## I. Applicable Law

### A. The Summary Judgment Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on filed, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "A 'genuine' issue is one supported by such evidence that 'a reasonable jury, drawing favorable inferences,' could resolve it in favor of the nonmoving party." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999)(quoting *Smith v. F.W. Morse & Co., Inc.*, 76 F.3d 413, 427 (1st Cir.1996)). Material facts are those having the potential to affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314–15 (1st Cir.1995); *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

The party seeking summary judgment bears the initial burden of "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on filed, together with the affi-

davits, if any,' which demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must then "produce 'specific facts, in suitable evidentiary form, to ... establish the presence of a trialworthy issue.'" *Triangle Trading Co.,* 200 F.3d at 2 (quoting *Morris v. Government Dev't Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir. 1994)). The Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.,* 201 F.3d 29, 33 (1st Cir. 2000).

### B. 11 U.S.C. § 544(a)(3)

Section 544 of the Bankruptcy Code provides in relevant part that:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> (3) a bona fide purchaser of real property ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). The United States Court of Appeals for the First Circuit has previously stated that 11 U.S.C. § 544 invokes state law to determine the rights of the trustee under this section. *Abboud v. The Ground Round, Inc. (In re the Ground Round, Inc.),* 482 F.3d 15, 20 (1st Cir.2007) (holding Pennsylvania law deter-

mined the rights of a hypothetical lien creditor under section 544(a)(1)).

Under Puerto Rico law, "[r]egistered titles shall become effective for third parties from the date of their registration." P.R. Laws Ann. tit. 30, § 2256. "In order to determine preference between two or more registrations of the same property, attention shall be given to the date, hour and presentation number of the respective titles in the Registry." *Id.* Furthermore, a buyer who acquires an interest in property from the owner of record by purchasing in good faith and records that interest is protected against "actions or titles of ownership or of other real rights that are not duly recorded." P.R. Laws Ann. tit. 30, § 2355. A bankruptcy trustee acting as a hypothetical bona fide purchaser is a "third party" under Puerto Rico law. *See In re Santos & Nieves, Inc.,* 814 F.2d 57, 61 (1st Cir.1987).

### II. Analysis

■ In the present case, the bankruptcy court properly granted the Trustee's Motion for Summary Judgment. It is undisputed that the Deed was not recorded until June 28, 2005, which was more than three months after the commencement of the Debtor's case. As of the commencement of the case on March 9, 2005, the unrecorded interest was not effective against the Trustee as a hypothetical bona fide purchaser under Puerto Rico law and therefore the Trustee had the power to avoid the transfer pursuant to 11 U.S.C. § 544(a)(3). *See* P.R. Laws Ann. tit. 30, §§ 2256, 2355. Accordingly, the Trustee sustained his burden in establishing that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548.

The Defendants rely on *Probasco v. Eads (In re Probasco),* 839 F.2d 1352 (9th Cir.1988), for the proposition that open

and notorious possession of property constitutes constructive notice of an unrecorded interest sufficient to preclude avoidance. The Defendants' reliance on this precedent is misplaced for several reasons. First, Puerto Rico law, unlike the California statute in the *Probasco* case, requires only recordation for a transfer to be effective against third parties and has no good faith or lack of notice requirement. *Id.* at 1355. Second, the title to the property in the *Probasco* case was registered, but failed to describe a portion of the property transferred due a clerical mistake made by the escrow agent. *Id.* at 1353. The court held that the recorded transfer of one parcel from the common owner of several adjoining parcels to the current notorious possessor of all adjoining parcels is sufficient to put a party on constructive notice of the unrecorded transfer of the adjacent parcel. *Id.* at 1355. The Deed in the present case was not simply not recorded and the *Probasco* case is therefore inapposite.

The Defendants failed to meet their burden and establish the existence of a trialworthy issue to defeat the Motion for Summary Judgment. In response to the Order to Show Cause, they merely requested time to conduct discovery as to the financial condition of the Debtor at the time of the transfer. As the Debtor's solvency at the time of the transfer is not relevant to 11 U.S.C. § 544(a)(3) and therefore would not affect the outcome of the adversary proceeding, the Defendants failed to demonstrate a genuine dispute as to a material fact or establish the existence of a trialworthy issue.

### CONCLUSION

The bankruptcy court's order granting summary judgment is AFFIRMED.