**W. E. CUDMORE, Plaintiff and Appellant,**

v.

**Dan CUDMORE and Leone Cudmore Newell, Defendants and Appellees.**

**Nos. 13329, 13330.**

Supreme Court of South Dakota.

Argued May 27, 1981.

Decided Oct. 14, 1981.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

Clyde E. Saukerson of Tinan, Padrnos, Smith & Saukerson, Mitchell, for defendants and appellees.

FOSHEIM, Justice.

The plaintiff/appellant, W. E. (Ed) Cudmore, instituted this declaratory judgment action for a determination of the respective interests of the parties in certain land purchase contracts. He claimed an eighty percent interest therein. The defendants sought to dismiss the plaintiff's complaint. They also requested a declaratory judgment upholding defendant Leone Cudmore Newell's claim to a one-half interest in the land contracts and her assignment of that one-half interest to defendant Dan Cudmore. The defendants also counterclaimed for an accounting from the plaintiff in respect to the property purchased under the contracts. Plaintiff and the defendant Leone Cudmore Newell claim error in the trial court's decision. We affirm.

For the remainder of this opinion, the plaintiff will be identified as Ed and the defendants as Leone and Dan.

On October 17, 1967 four eighty-acre tracts of school land were purchased from the State of South Dakota in the name of "Cudmore Brothers—consisting of W. E. Cudmore and Dan Cudmore." At the time of purchase it was understood by all concerned that the purchasers of the land were in fact W. E. (Ed) Cudmore, Leone Cudmore Newell, and Russell Cudmore (a brother of Ed and Leone), and to this end the contracts were assigned by W. E. and Dan Cudmore on January 12, 1968 to W. E. Cudmore, Russell Cudmore and Leone Newell. This assignment was approved and recorded by the Commissioner of School and Public Lands on January 18, 1968. The trial court concluded that at the time of the January 12, 1968 assignment Ed, Leone and Russell each held a one-third interest in the contracts.

A few months after this assignment Ed purchased Russell's interest in the contracts. In having Russell's assignment drafted, Ed had his and Leone's name appear as assignees. This assignment was also approved and recorded by the Commissioner of School and Public Lands on December 30, 1968. The trial court asked Ed why he caused himself and Leone to appear as assignees on Russell's assignment. Ed responded: "Well, Your Honor, according to the contract that is what I done, but that was not the way it was intended." The court then asked Ed if he told Leone that she was an assignee on Russell's assignment. Ed answered that he had not, as he "didn't even realize that could be the way it was taken." The trial court concluded that at the time of this second assignment, Leone held a one-third interest in the land contracts and Ed held a two-third interest. The trial court also found that Ed never advised the Commissioner of School and Public Lands that the interests of the assignees named in the January and December 1968 assignments were held other than equally.

From the time of the original purchase in 1967, Ed leased the land, collected the rents, made the contract payments, and paid the taxes.

Dan Cudmore reappears as an owner of an interest in the contracts approximately eleven years after the original purchase when he agreed to buy what Leone represented was her one-half interest. Before buying that interest, Dan personally checked the records in the Office of the Commissioner of School and Public Lands in Pierre, South Dakota, which reflected that Ed and Leone held equal interests in the land contracts. The trial court concluded that Dan relied on these records in good faith and that he had no notice that Leone owned other than a half interest equity.

The contract to purchase Leone's one-half interest was executed on August 18, 1978 and, on the same date, Leone assigned to Dan her claimed one-half interest. This third assignment was approved and recorded by the Commissioner of School and Public Lands on August 25, 1978. The trial court concluded that Ed was estopped from denying that Dan held a one-half interest in the land contracts as of August 18, 1978. In the Judgment, Ed was ordered to account for his stewardship relating to the land contracts to Leone for a one-third interest from October 17, 1967 to August 18, 1978 and to Dan for a one-half interest thereafter.

From this background two initial questions emerge: (1) what was each cotenant's interest on January 12, 1968, when the Cudmore Brothers assigned their interests to Ed, Russell, and Leone; and, (2) what was each cotenant's interest on December 19, 1968, when Russell assigned his interest to Ed and Leone?

■ On January 12, 1968 the land contracts in question were held by Ed, Russell and Leone as tenants in common. SDCL 43–2–17. Since the contracts did not indicate the proportionate interest of each tenant, the law presumes that they took in equal shares. This presumption is rebuttable, however, by a showing of unequal contribution. Such a showing raises a new presumption that the grantees intended to share in proportion to their contribution. *Schroeder v. Todd,* 249 Iowa 139, 86 N.W.2d 101 (1957); *Williams v. Monzingo,* 235 Iowa 434, 16 N.W.2d 619 (1944).

■ In order to overcome the presumption of equal interests, evidence of a clear and convincing nature must be presented. We recognize that ordinarily the plaintiff in a civil suit must prove his case by a preponderance of the evidence. Our justification for imposing the heavier burden of clear and convincing evidence is well stated by the Iowa Supreme Court in a case where the plaintiff attempted to rebut the presumption that joint tenants hold in equal shares. The Iowa court's reasoning is equally applicable to the present situation and is as follows:

'What would be sufficient to constitute a preponderance of the evidence and to sustain a judgment in an ordinary case might not suffice in another, where, in addition to the burden resting upon the plaintiff in any case, particular presumptions are to be overcome. This is especially true where a plaintiff seeks by parol evidence to overcome the presumptions arising from the express terms of a conveyance, or from the relations of the parties concerned therein. . . . The very terms of the conveyance are evidence, and must be overcome. Hence much more certainty and conclusiveness are requisite than in ordinary cases.'

. . . .

To hold that the written document meant anything different from what the parties expressed therein requires evidence which is clear, satisfactory and convincing. *Frederick v. Shorman,* 259 Iowa 1050, 1055, 1059, 147 N.W.2d 478, 482, 484 (1966) (citations omitted).

■ Since we believe the plaintiff failed to meet his burden of proof as to the first assignment, we agree with the trial court's holding that the assignment from the Cudmore Brothers to Ed, Russell, and Leone vested each of them with a one-third interest. After reading the trial transcript we

must say 'Amen' to the trial court's comment made at the end of trial: "I think it rather incredible, under the circumstances, that any of the three parties could ever testify in this courtroom that they don't, during the course and period of time in question, know what is [a] matter of public record and know the contributions of the various parties, maybe not to the precise penny, but to a generality."

■ Regarding the second assignment, from Russell to Ed and Leone on December 19, 1968, we believe the plaintiff met his burden of proof. Therefore we also agree with the trial court that after this assignment the plaintiff owned a two-third interest and the defendant, Leone, owned a one-third interest in the land contracts.

■ Our attention now turns to whether the plaintiff's failure to indicate on the land contracts his and Leone's respective interests estops him from denying that the defendant, Dan Cudmore, owns a one-half interest in the land. The plaintiff contends that he is not estopped to deny Dan's one-half interest, citing 20 Am.Jur.2d *Cotenancy & Joint Ownership* §§ 93–98. Generally stated, these sections recite the rule that in the absence of authorization or ratification by the other cotenant(s), a cotenant cannot sell a larger interest in the common property than he owns. This rule, however, does not apply when a purchaser for value takes without notice of the equities between cotenants. *Stover v. Stover*, 180 Pa. 425, 36 A. 921 (1897); *Kirby Lumber Co. v. Temple Lumber Co.*, 125 Tex. 284, 83 S.W.2d 638 (1935); 20 Am.Jur.2d *Cotenancy & Joint Ownership* § 96; 5 H. T. Tiffany, The Law of Real Property § 1258 (3d ed. 1939). The court in *Stover* states the rule thus:

It is settled that when two or more persons who are partners take title to land as tenants in common, the presumption arising from the deed is that they hold the title as tenants in common in equal shares. As between themselves, the deed is not conclusive, but they hold in accordance with the facts. As to purchasers and creditors, they hold in accordance with the recorded title.

. . . [T]he parties will be presumed to have put their title on record in accordance with the fact, and those who deal with them have a right to act upon this presumption.

*Stover*, 36 A. at 922 (citations omitted).

On the face of Russell's assignment to Ed and Leone, there was no indication that Leone held other than a one-half interest in the land. The trial court found that Dan purchased a one-half interest from Leone after checking the official records in the Office of the Commissioner of School and Public Lands in Pierre, South Dakota, where the assignment from Russell was filed, and that Dan relied on those records in good faith. The trial court also specifically found that Dan had no notice that Leone held other than a one-half interest in the land contracts. Under these circumstances it would be inequitable to now permit the plaintiff to deny his sister's title as recorded on Russell's assignment, and he is therefore estopped from doing so.

■ In his brief the plaintiff raises the issue of whether the trial court erred when it ordered an accounting by him to the defendants. In support of his contention that the trial court's order to account was error, the plaintiff argues that Leone's request for an accounting is barred by laches. The plaintiff neither pleaded laches, as required by SDCL 15–6–8(c), nor was it made an issue at trial. Therefore this defense is deemed to have been waived by the plaintiff and cannot be raised on appeal. *American Property Services, Inc. v. Barringer*, 256 N.W.2d 887 (S.D.1977); *Schull Construction Co. v. Koenig*, 80 S.D. 224, 121 N.W.2d 559 (1963).

We have considered the other issues raised by the parties to this appeal and have decided that they are either without merit or are unnecessary to decide in view of the conclusions reached.

Affirmed.

All the Justices concur.