# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 11-6027

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Theodore Stephen Wolk, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| John S. Lovald, Trustee, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | Bankruptcy Court for the |
| | * | District of South Dakota |
| Kathryn M. Tennyson, | * | |
| | * | |
| Defendant - Appellee, | * | |
| | * | |
| ABN AMRO Mortgage Group, Inc.; | * | |
| Great Western Bank; | * | |
| Pennington County, | * | |
| | * | |
| Defendants. | * | |
| | * | |

Submitted: July 5, 2011
Filed: July 14, 2011

Before KRESSEL, Chief Judge, FEDERMAN, and SALADINO, Bankruptcy Judges.

SALADINO, Bankruptcy Judge.

This is the second time this panel has had the opportunity to consider the issues involved in this appeal.[1] Following remand for consideration of the effect of 11 U.S.C. § 544(a)on the trustee's motion to sell, the bankruptcy court[2] entered judgment on April 29, 2011, denying the trustee's request to sell jointly-owned real estate free and clear of the defendant co-owner's interest pursuant to 11 U.S.C. § 363(b) and (h). The Chapter 7 trustee appeals and, for the reasons set forth below, we affirm.

## *Background*

The debtor and his non-debtor spouse (Defendant Kathryn M. Tennyson) own a single-family residence in Rapid City, South Dakota. They hold title as tenants in common. When the debtor filed his bankruptcy petition, he and his wife were in the process of dissolving their marriage. The debtor did not claim a homestead exemption in the house. The trustee sought a court order authorizing him to sell the property under § 363(b) and (h),[3] arguing that partition was impracticable, a sale of only the

---

[1]*See Lovald v. Tennyson (In re Wolk)*, 437 B.R. 850 (B.A.P. 8th Cir. 2010).

[2]The Honorable Charles L. Nail, Jr., United States Bankruptcy Judge for the District of South Dakota.

[3]Section 363 governs the use, sale, or lease of property. Subsections (b) and (h) state in relevant part:

> (b) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . .

> (h) [T]he trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if —
>> (1) partition in kind of such property among the estate and

(continued...)

estate's interest would realize significantly less than a sale free of the co-owner's interest, and that the benefit to the estate of the sale would outweigh any detriment to the co-owner. The property is not used for energy production, so the fourth element of § 363(h) is not an issue. The third element – benefit to the estate versus detriment to the co-owner – is the only element in dispute.

At the conclusion of trial, the bankruptcy court made findings of fact and conclusions of law on the record. The court ruled that the trustee had the initial burden of establishing that the proposed sale would create a benefit to the bankruptcy estate. The court further found that under South Dakota law, the record title as tenants in common gives rise to a presumption that each co-owner holds an equal share. *Cudmore v. Cudmore,* 311 N.W.2d 47, 49 (S.D. 1981). The presumption is rebuttable by a showing of unequal contribution. *Id.* The evidence at trial indicated that the co-owner contributed more toward the purchase price of the house than the debtor did, and had made all of the payments on the first mortgage. The court found that the fair market value of the house was $185,000.00, with equity at the time of trial of approximately $63,000.00. Since the undisputed evidence showed that all of the equity amount was attributable to the co-owner's financial input, the bankruptcy court determined that all of the equity would accrue to her upon sale. Therefore, the court held that the bankruptcy estate had nothing to gain from a sale of the jointly held

---

[3](...continued)
such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

3

property.[4] Judgment was entered denying the trustee's request to sell the property free and clear of the co-owner's interest.

The trustee appealed that order arguing that 11 U.S.C. § 544(a) grants him the rights and powers of a hypothetical judicial lienholder or bona fide purchaser.[5] As such, the trustee asserted that the presumption of equal ownership could not be rebutted under South Dakota caselaw holding that, as to bona fide purchasers and creditors, co-owners hold in accordance with the recorded title. *See Cudmore*, 311

---

[4]Because the court found that there was no benefit to the estate, it did not complete the balancing test of § 363(h)(3).

[5]That section states:

§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers
    (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by —
        (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
        (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
        (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

N.W.2d at 50. Accordingly, since the co-owner's contribution argument would be inapplicable to the sale of the property to a bona fide purchaser or lien creditor, the trustee asserted that it should not be imposed against him and that he should be permitted to sell the house and distribute half of the proceeds to the co-owner and half to the bankruptcy estate. Since the trustee's rights and powers under § 544(a) were first raised on appeal, the bankruptcy court did not have occasion to consider it and complete its analysis under § 363(h). Therefore, this court remanded the matter to the bankruptcy court to permit the bankruptcy court to consider the impact under South Dakota law of the trustee's rights and powers under § 544(a) and to complete the analysis under § 363(h).

Following remand, the bankruptcy court entered its memorandum decision, order and judgment dated April 29, 2011, again denying the trustee's motion to sell the property free and clear of liens. This appeal followed.

## *Discussion*

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *First Nat'l Bank of Olathe v. Pontow (In re Pontow)*, 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan)*, 108 F.3d 886, 888 (8th Cir. 1997); Fed. R. Bankr. P. 8013. We review issues committed to the bankruptcy court's discretion for an abuse of that discretion. *Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.)*, 397 F.3d 647, 650-51 (8th Cir. 2005) (citing *Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales, Inc. (In re Jones Truck Lines, Inc.)*, 63 F.3d 685, 686 (8th Cir. 1995)). The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *Farmland Indus.*, *supra* (citing *Stalnaker v. DLC, Ltd.*, 376 F.3d 819, 825 (8th Cir. 2004)). The authorization to sell property under § 363(h) is discretionary with the court. *Probasco v. Eads (In re Probasco)*, 839 F.2d 1352, 1357 (9th Cir. 1988).

5

As discussed in this court's prior opinion in this case, 11 U.S.C. § 544(a)(1) and (3) expressly confer on the trustee, as of the commencement of the case and without regard to knowledge, the rights and powers of a judicial lien creditor and of a bona fide purchaser of real property. The trustee has these rights and powers by the plain language of the statute and need not take any further action or seek to avoid a transfer in order to obtain such rights and powers. *See Morris v. Kasparek (In re Kasparek)*, 426 B.R. 332, 344 (B.A.P. 10th Cir. 2010).

In its decision following remand, the bankruptcy court analyzed the impact of South Dakota law on the trustee's status as a bona fide purchaser and lien creditor under § 544(a)(1) and (3). Ultimately, the court determined that, at best, the trustee's hypothetical judgment lien attached to one-half of the $63,071.07 in equity in the home. Accordingly, the bankruptcy court assumed that $31,535.54, minus liquidation costs, is the largest sum potentially available to the trustee pursuant to the motion to sell. In his brief on appeal, the trustee expended considerable effort challenging the bankruptcy court's findings regarding the effect under South Dakota state law on the trustee's status as a bona fide purchaser or lien creditor. However, it is unnecessary to review such findings because, even if the bankruptcy court agreed with the trustee as to such issues, the result would be no different. The bankruptcy court expressly assumed that the trustee had, on behalf of the bankruptcy estate, a one-half interest in the equity in the property.

Therefore, we turn to the bankruptcy court's analysis under 11 U.S.C. § 363(b) and (h). Section 363(b)(1) provides the general authority for the trustee to sell property of the estate. Subsection (h) provides that a trustee can sell both the estate's interest and the interest of any co-owner in the property only if (1) partition is impracticable; (2) sale of the estate's undivided interest would realize significantly less than sale of the property free of the interest of the co-owners; (3) the benefit to the estate of a sale of the property free of the interest of the co-owners outweighs the detriment to the co-owners; and (4) the property is not used in the production,

transmission, or distribution of electric energy or gas. The parties are in agreement that the only element in dispute is the third element – benefit to the estate versus detriment to the co-owner.

The trustee bears the burden of proving that he has met each of the four elements under § 363(h). *Wright v. Wright (In re Wright)*, 2009 WL 2384189, at *2 (Bankr. W.D. Ark. July 31, 2009); *56 Assoc. v. Diorio*, 381 B.R. 431 (D.R.I. 2008); *Yoppolo v. Schwenker (In re Ziegler)*, 396 B.R. 1, 3 (Bankr. N.D. Ohio 2008). In particular, the trustee bears the ultimate burden to show that the benefit to the estate outweighs the detriment to the defendant. *Ziegler*, 396 B.R. at 4. The trustee's authority to sell is discretionary. *Probasco v. Eads (In re Probasco)*, 839 F.2d 1352, 1357 (9th Cir. 1988).

The bankruptcy court correctly recognized that the maximum benefit to the estate was one-half of the equity in the property, or $31,535.54, less commissions and costs of sale. The trustee failed to prove that any of such funds, if realized, would ultimately be available for distribution to unsecured creditors of the debtor. And, there was substantial evidence of detriment to the co-owner if the court allowed the sale of the property. Such evidence included a history of depression, the testimony of the co-owner's therapist that such a sale could well cause her significant health issues, and the fact that all the equity in the home had been contributed by the co-owner, not the debtor.

Based on the record before it, the bankruptcy court concluded that the trustee had not met his burden of proving that the benefit to the bankruptcy estate of the sale outweighed the detriment to Tennyson. The bankruptcy court's findings of fact regarding the benefit to the estate and detriment to Tennyson are not clearly erroneous. Accordingly, the bankruptcy court did not abuse its discretion in denying the motion to sell.

*Conclusion*

Because the bankruptcy court did not abuse its discretion in denying the motion to sell, the judgment of the bankruptcy court dated April 29, 2011, is affirmed.

_____