# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2737

_____

In re: Theodore Stephen Wolk.         *
                                      *
         Debtor,                      *
                                      *
_____                   *
                                      *
John S. Lovald, Trustee,              *   Appeal from the Bankruptcy
                                      *   Appellate Panel for the
         Appellant,                   *   Eighth Circuit.
                                      *
      v.                              *
                                      *
Kathryn M. Tennyson,                  *
                                      *
         Appellee,                    *
                                      *
ABN AMRO Mortgage Group; Great        *
Western Bank; Pennington County.      *

_____

Submitted: June 11, 2012
Filed: July 30, 2012

_____

Before MURPHY, MELLOY, and COLLOTON Circuit Judges.

_____

MURPHY, Circuit Judge.

Theodore Wolk filed for Chapter 7 bankruptcy, and the trustee sought an order from the bankruptcy court authorizing the sale of the home Wolk owned as a tenant in common with his wife, Kathryn Tennyson. After several proceedings the bankruptcy court[1] denied the motion to sell the home, concluding that the detriment of such a sale to Tennyson outweighed the benefit to the bankruptcy estate. Wolk appealed, and the bankruptcy appellate panel[2] affirmed. In re Wolk, 451 B.R. 468, 470 (B.A.P. 8th Cir. 2011). The trustee now appeals, and we affirm.

The trustee of Wolk's bankruptcy estate sought a court order under 11 U.S.C. § 363(b) authorizing the sale of the home Wolk and Tennyson jointly owned. Section 363(b)(1) enables a trustee to "use, sell, or lease . . . property of the estate" so that the proceeds can be distributed to the bankruptcy estate. When the trustee and coowner both possess an interest in a property, the bankruptcy estate may not proceed to sell the asset unless "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners." 11 U.S.C. § 363(h)(3). In evaluating the detriment to the co-owner, noneconomic factors can be considered. See In re Persky, 893 F.2d 15, 20–21 (2d Cir. 1989).

After weighing the benefit to the estate of the sale of the home against the detriment to Tennyson, the bankruptcy court denied the trustee's motion. 11 U.S.C. § 363(h)(3). The court found that all of the equity in the home was attributable to

---

[1]The Honorable Charles L. Nail, Jr., United States Bankruptcy Judge for the District of South Dakota.

[2]The Honorable Robert J. Kressel, Chief Judge, United States Bankruptcy Court for the District of Minnesota, the Honorable Arthur B. Federman, United States Bankruptcy Court Judge for the Western District of Missouri, and the Honorable Thomas L. Saladino, United States Bankruptcy Court Judge for the District of Nebraska.

Tennyson's financial contributions, that the equity in the home would accrue to her under South Dakota state law, that Tennyson would suffer emotional hardship from a sale, and that the bankruptcy estate would not substantially benefit from a sale of the home. The trustee appealed, arguing that the bankruptcy court had failed to consider another provision of the bankruptcy code which could require the home's equity to be divided equally between Tennyson and the bankruptcy estate. See 11 U.S.C. § 544(a) (trustee given rights and powers of a judicial lien creditor and of a bona fide purchaser of real property). Because this argument was first raised on appeal, the bankruptcy appellate panel remanded to the bankruptcy court for its consideration of the provision.

On remand, the bankruptcy court found that by a sale the trustee could receive approximately $31,000 from the equity in the home minus liquidation costs. It also determined, however, that the detriment to Tennyson would outweigh the benefit to the bankruptcy estate. The trustee appealed once again, and the bankruptcy appellate panel affirmed based on its conclusion that "the bankruptcy court's findings of fact regarding the benefit to the estate and detriment to Tennyson [were] not clearly erroneous." In re Wolk, 451 B.R. at 473. The trustee now appeals to this court.

On appeal from a decision of the bankruptcy appellate panel, "we act as a second reviewing court of the bankruptcy court's decision, independently applying the same standard of review as the [bankruptcy appellate panel]." In re Lasowski, 575 F.3d 815, 818 (8th Cir. 2009). The bankruptcy court's factual determinations are reviewed for clear error. Granite Reinsurance Co. v. Acceptance Ins. Cos., 567 F.3d 369, 376 (8th Cir. 2009). Issues committed to the bankruptcy court's discretion, including authorization to a trustee to sell property under § 363(h), are reviewed for an abuse of discretion. Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.), 397 F.3d 647, 650–51 (8th Cir. 2005); Probasco v. Eads (In re Probasco), 839 F.2d 1352, 1357 (9th Cir. 1988). The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order

on findings of fact that are clearly erroneous.  <u>Stalnaker v. DLC Ltd.</u>, 376 F.3d 819, 825 (8th Cir. 2004).

We conclude that the bankruptcy court did not abuse its discretion in denying the trustee's motion to sell the home because its findings with respect to the benefit to the estate and the detriment to Tennyson were not clearly erroneous.  Accepting for the sake of analysis the trustee's position that he was entitled to a one half interest in the equity, the administrative and commission costs of a sale would have reduced the benefit to the bankruptcy estate's unsecured creditors.  The trustee thus failed to show that the bankruptcy estate would reap substantial benefits from the sale of the home. Moreover, the detriment to Tennyson of such a sale was shown to be substantial because she had a long history of depression and in the opinion of her therapist her condition would worsen if the house were sold.  Tennyson would be further burdened by having to finance a new house and pay relocation costs.  The bankruptcy court also properly considered the fact that all the equity in the home had been contributed by Tennyson.  <u>See</u> <u>In re Persky</u>, 893 F.2d 15, 21 (2d Cir. 1989).

On its review, the bankruptcy appellate panel concluded that the bankruptcy court had carefully balanced the equities and had not abused its discretion in denying the trustee's motion to sell the home.  We agree and therefore affirm the judgment.

_____