# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-2070

_____

In re: James C. Schlehuber, also known as Jim Schlehuber, Formerly doing business as J.R.G., L.L.C., Formerly doing business as The Radar & Riley Limited Partnership, Formerly doing business as March Plan Investments, L.L.C., Formerly doing business as Rockford Omaha, L.L.C., Formerly doing business as January Real Group, L.L.C.

*Debtor*

------------------------------

James C. Schlehuber

*Appellant*

v.

Fremont National Bank & Trust Company; Nancy J. Gargula, U.S. Trustee

*Appellee*s

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: March 6, 2014
Filed: March 19, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

After James Schlehuber filed a voluntary Chapter 7 bankruptcy petition, one of his creditors moved under 11 U.S.C. § 706(b) to convert the petition to one under Chapter 11.  After a hearing, the bankruptcy court[1] granted the motion, and the Bankruptcy Appellate Panel (BAP) affirmed.  Schlehuber now appeals to this court, arguing that the bankruptcy court applied an improper legal standard, and abused its discretion, in granting the motion to convert.  He also renews his constitutional challenge to certain bankruptcy statutes.

We decline to address the constitutional challenges, because Schlehuber abandoned them in his appeal to the BAP.  See In re Trism, Inc., 328 F.3d 1003, 1008 (8th Cir. 2003) (declining to consider arguments on appeal not advanced before BAP).  As to the arguments that are properly before us, we review for abuse of discretion an order granting a motion under section 706(b).  See In re Tex. Extrusion Corp., 844 F.2d 1142, 1161 (5th Cir. 1988).  Having carefully reviewed the record as a whole, including the memoranda and evidence that the parties submitted, as well as their varied arguments before the bankruptcy court, we find no basis to conclude that the court applied an improper legal standard or abused its discretion in granting the motion to convert.  See In re Wolk, 686 F.3d 938, 940 (8th Cir. 2012) (court abuses discretion when it fails to apply proper legal standard or bases its order on clearly erroneous findings of fact); In re Danduran, 657 F.3d 749, 752 (8th Cir. 2011) (finding of fact is clearly erroneous when, although there is evidence to support it, reviewing court is left with definite and firm conviction that mistake was committed); see also Toibb v. Radloff, 501 U.S. 157, 163 (1991) (Chapter 11 embodies general

_____

[1]The Honorable Thomas L. Saladino, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

Bankruptcy Code policy of maximizing value of bankruptcy estate).  Accordingly, we affirm.  <u>See</u> 8th Cir. R 47B.

_____